STATE of Maine

v.

**Dan K. SMITH.**

Supreme Judicial Court of Maine.

Argued May 5, 1983.

Decided July 1, 1983.

Janet T. Mills, Dist. Atty., J. Scott Davis, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Turner & Whittier, P.A., David Q. Whittier (orally), South Paris, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

WATHEN, Justice.

Defendant Dan K. Smith was found guilty by a jury of two counts of robbery, 17–A M.R.S.A. § 651 (1983), after trial in the Superior Court (Oxford County). He appeals those convictions claiming that the court erred: (1) in excluding evidence of the specific details of other crimes allegedly committed by defendant and his accomplice; (2) in refusing to instruct the jury that the testimony of an accomplice is to be "examined closely;" and (3) in admitting into evidence a handgun, during redirect examination of a witness. Defendant also

argues that the evidence is insufficient to support the verdicts. We find no error and deny the appeal.

The relevant facts developed at trial are as follows: The first alleged robbery took place at a self-service station in the Town of Oxford. The cashier testified that on the evening of July 18, 1981, a man of average height with brown hair appeared at the cashier's window with a revolver and forced her to surrender to him approximately $1,400 in cash. She testified that her assailant wore a bandana over his face and held the handgun in his right hand.

The second alleged robbery involved the Handy Store in Paris. The cashier of that establishment testified that on the evening of July 31, 1981, a man of medium height and brown hair entered the store with a revolver and forced her to surrender to him approximately $900 in cash. She testified that her assailant wore a bandana over his face and held the handgun in his left hand.

The only direct evidence identifying defendant as the perpetrator of the robberies came from the testimony of Arthur Reynolds. He testified that he had known defendant for ten years and was living with him at the time that the robberies took place. Reynolds admitted that he and defendant planned the robberies that he drove the car while defendant committed the offenses, and that they both shared in the proceeds.

The testimony of Reynolds, during direct and cross-examination, revealed the further fact that approximately two weeks after the robberies in question, Reynolds was apprehended by the police while in the act of committing an armed robbery in Cumberland County. He subsequently arranged a "deal" whereby the district attorney's office agreed not to prosecute him for the two Oxford County robberies and for one robbery in Cumberland County, and agreed to recommend a lenient sentence on a criminal charge remaining in Cumberland County if he would plead guilty to that charge and would testify against defendant in the trial of the Oxford County offenses.

At the time of trial, Reynolds had plead guilty and was serving a sentence for the Cumberland County offense. The evidence revealed that he testified without having been granted immunity from prosecution.

I.

■ Prior to his cross-examination of Reynolds, defense counsel stated to the court that he wished to inquire into the details of the two Cumberland County robberies. He sought to establish that in those cases, while both Reynolds and defendant were involved, Reynolds held the gun and committed the actual robbery. It was defense counsel's contention that if Reynolds admitted to being the gunman in one of those robberies, but claimed only to be the driver in the two Oxford County offenses, his credibility as a witness would be adversely impacted. The presiding justice declined to permit that line of questioning.

With respect to the court's refusal to permit defense counsel's inquiry, defendant's claim is without merit. M.R.Evid. 403 authorizes the trial court to exclude relevant evidence when the probative value of that evidence is substantially outweighed by the danger of confusion of the issues or by considerations of undue delay. Further, under M.R.Evid. 611, the trial court is vested with discretion to control the mode and order of interrogation of witnesses to assure the ascertainment of truth and to "avoid needless consumption of time."

It cannot be said that the presiding justice abused his discretion in concluding that the relevance of the evidence for purposes of impeachment was outweighed by the danger of confusion of the issues.

II.

Defense counsel did not submit any request, written or otherwise, for instructions to the jury. At the conclusion of the jury charge, defense counsel objected to the court's failure to instruct the jury that the testimony of an accomplice must be "closely examined." Defendant now contends on

appeal that the court erred in refusing to give the instruction.[1]

 It is not error to refuse to give a cautionary instruction concerning the testimony of an accomplice when that testimony "is not incredible or otherwise insubstantial on its face." *State v. Porter,* 404 A.2d 590, 595 (Me.1979), *quoting United States v. Wright,* 573 F.2d 681, 685 (1st Cir.), *cert. denied* 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978). Defendant contends that in this case, Reynolds' testimony is inherently suspect because of his "deal" with the prosecution. The State responds by pointing out that the jury was made fully aware that Reynolds was testifying to avoid prosecution and that he had received assurances of favorable treatment in return for his testimony. The State argues that the jury was adequately instructed to consider the interest and motive of any witness as it might affect credibility, and therefore there was no need for a special cautionary instruction.

 We conclude that the trial court did not err in refusing to give the requested instruction. The testimony of Reynolds has not been demonstrated to be "incredible or otherwise insubstantial on its face." *Id.* Reynolds' testimony is detailed, logical, and coincides precisely with the testimony of the respective cashiers in regard to the time, place, and manner of the robberies, as well as in regard to defendant's dress on the occasions in question. In addition, Reynolds' identification of defendant as the perpetrator is corroborated by the description given by the cashiers. Although Reynolds may have had a personal interest in testifying against defendant, the jury was fully informed about Reynolds' motives to testify. The jury was fully instructed on their duty to assess the credibility of witnesses and to weigh the testimony of the witnesses. Under the circumstances of this case, no error was committed.

### III.

 Over the objection of the defense, Reynolds identified the revolver used in the robberies during re-direct examination by the State. Subsequently, the gun was admitted as an exhibit over defense counsel's objection that Reynolds' identification of the gun went beyond the proper scope of re-direct examination.

M.R.Crim.P. 26(b) provides:

Any re-examination of a witness shall be limited to matters brought out in the last examination by the adverse party, except by special leave of court.

The preceding cross-examination conducted by defense counsel included extensive questioning such as where the gun had been purchased and where it had been stored between the time of purchase and its use in the robberies. In light of this broad ranging cross-examination, the identification of the gun on re-direct examination did not exceed the scope intended by rule 26. In any event, the determination of the scope of re-examination in a particular case is committed to the sound discretion of the presiding justice. No abuse of that discretion has been established. An adequate foundation existed for the admission of the gun and its admission was not unduly prejudicial.

The remaining issue concerning the sufficiency of the evidence is totally without merit.

The entry is:

Judgment of conviction affirmed.

All concurring.

---

1. We do not condone defense counsel's failure to submit a written request for the instruction. By waiting until the conclusion of the court's instructions to the jury and then objecting, counsel creates for the court a problem of undue emphasis should the court choose to give the requested instruction.