## In re Timothy P. MILLER

[718 A.2d 419]

No. 96-586

March 5, 1998. Defendant Timothy P. Miller appeals a superior court order finding insufficient evidence to grant his post-conviction relief petition for release or retrial due to ineffective assistance of counsel. Defendant alleges that the trial court erred when it applied an incorrect standard of attorney competence, held that a tactical decision by trial counsel was reasonable, and applied an incorrect standard of prejudice. We affirm.

In April of 1982, the body of Timothy O'Neal was found in the Winooski River. The State charged defendant and Ricky Sorrell with murder. The cases were separated for trial. Sorrell was tried first and acquitted. On March 23, 1993, a jury found defendant guilty of second-degree murder.

During defendant's trial, the State called Don Tobler as a witness. Six months after the body was found, Tobler made a statement to police that he had seen the victim, defendant, and Sorrell walking toward the river on the night of the murder. However, when deposed by defendant's counsel, Tobler stated that he could not identify the three men he saw that night. Consequently, the State did not call Tobler as a witness during the Sorrell trial. After defendant's trial began, however, Tobler told police that he actually could identify defendant. He said that he had changed his earlier story because he had been threatened by having his car windshield smashed and a note left on it that read "you're next." He testified for the State at defendant's trial, although when asked to identify defendant in the courtroom, he was unable to do so.

Defendant's counsel made two strategic decisions regarding Tobler's testimony. First, counsel did not file a motion in limine to preclude Tobler from testifying to the threat as the explanation for why he changed his position. Second, counsel chose not to cross-examine him, in part because they feared the State would get into the threat on redirect. On appeal, defendant contends that these two omissions constitute ineffective assistance of counsel, and that the trial court applied an incorrect standard of attorney competence in concluding otherwise. We disagree and affirm.

Under both the United States and Vermont Constitutions, a defendant has the right to reasonably effective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *In re Wilkinson*, 165 Vt. 183, 184, 678 A.2d 1257, 1258 (1996) (citing *In re Trombly*, 160 Vt. 215, 217, 627 A.2d 855, 856 (1993)). To challenge a criminal conviction based on ineffective assistance of counsel, defendant must show by a preponderance of the evidence that (1) defense counsel's performance fell below the prevailing standard of competency, and (2) that this performance prejudiced his defense. See *Trombly*, 160 Vt. at 217-18, 627 A.2d at 856; *State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290, 1291-92 (1992). To demonstrate prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If counsel's performance is found to have been competent, the court need not determine whether defendant suffered prejudice. See *id.* at 697. In addition, judicial scrutiny of counsel's performance must be highly deferential in light of the circumstances existing at the time. See *In re Ross*, 158 Vt. 122, 126, 605 A.2d 524, 526

(1992). We will not disturb the decision of the trial court unless clearly erroneous. See *In re Hanson*, 160 Vt. 111, 114-15, 623 A.2d 466, 468 (1993). Applying this standard of review, we uphold the superior court's conclusion that counsel's decisions not to cross-examine Tobler and file a motion in limine regarding the threat did not fall below the applicable standard of competency.

As an initial matter, we find that the trial court applied the correct standard for evaluating counsel's representation of defendant. The trial court quoted *Strickland* for the proposition that plaintiff must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The court found that failure to file a motion in limine "was not good attorney practice" but was within "the wide range" of practice in 1983. Defendant misinterprets the court's holding as establishing a "lowest common-denominator" approach to attorney competence. The court, in fact, was simply applying the *Strickland* standard and concluded that failure to file the motion was not outside the range of competency. We find the lower court applied the correct standard.

Even if we agreed that counsel's failure to file the motion in limine fell below the applicable attorney competency standard, two additional reasons would lead us to affirm the trial court. First, the primary reason not to cross-examine Tobler was that he could not in his direct testimony make an in-court identification of defendant as the person he saw on the night of the murder. Counsel did not want to give the State a second opportunity to obtain that identification on redirect. Although defendant argues that the State would have been prohibited by the presiding judge from trying again to get an identification, we think that relying on a favorable ruling of the judge would have

been extremely risky in the circumstances. See *People v. Giallombardo*, 512 N.Y.S.2d 481, 482 (App. Div. 1987) (redirect examination permitted to correct misimpression created by defense counsel during cross-examination regarding witness's ability to identify defendant); *State v. Smith*, 461 A.2d 1074, 1076 (Me. 1983) (witness's identification during redirect examination of gun used in robbery did not exceed scope of cross-examination where such examination included questioning concerning the gun). Moreover, counsel's decision not to take this risk was bolstered by the reasons to discount Tobler's testimony which had emerged on direct examination: Tobler had consumed a significant quantity of alcohol that night, he had only a brief opportunity to observe the passing men, he delayed telling the police of his sighting for almost six months, and he had previously committed a crime involving moral turpitude.

Second, we find it almost certain that a motion in limine would have been unsuccessful. See *Siglar v. State*, 541 N.E.2d 944, 947 (Ind. 1989) ("To establish that the failure to object to this evidence resulted in inadequate representation, [defendant] must show that his counsel's objections would have been sustained if they had been made."). The point of the cross-examination would have been to show that Tobler's story had changed. Evidence that the witness was threatened would be relevant, even though there was no proof that it could be tied to defendant, because it explained that change. See *State v. Walker*, 571 A.2d 686, 689-90 (Conn. 1990) (in explaining inconsistent testimony, witness was allowed to explain that she received threats and was "too frightened to tell the truth," even though threats could not be tied to defendant); *Washington v. State*, 445 A.2d 684, 686 (Md. 1982) ("[I]t is generally held that evidence of threats to a witness or fear on the part of a witness, in order to explain an inconsistency, is admissible in criminal

cases for credibility rehabilitation purposes even if the threats of fear have not been linked to the defendant."); *People v. Rivera*, 553 N.Y.S.2d 707, 710 (App. Div. 1990) ("It is appropriate to elicit testimony concerning non-attributable threats made to a witness, where the purpose is to explain inconsistent statements brought out by defense counsel, provided that the jury is duly cautioned as to the way in which it may use this evidence."). Since the motion would not have been granted, we cannot find ineffective assistance of counsel based on the failure to file it.

Because defendant has not met his burden of showing by a preponderance of the evidence that counsel's actions were unreasonable, we need not determine whether he suffered prejudice as a result. See *Strickland*, 466 U.S. at 697; *In re Dunbar*, 162 Vt. 209, 216, 647 A.2d 316, 322 (1994).

*Affirmed.*

Motion for reargument denied June 11, 1998.

Motion for reconsideration denied June 26, 1998.