Cooley v. State, No. 403-7-97 Wncv  (Toor, J., Oct. 27, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

GARY RAY COOLEY,
  Plaintiff

v.

STATE OF VERMONT,
  Defendant

SUPERIOR COURT
Docket No. 403-7-97 Wncv

RULING ON MOTION FOR SUMMARY JUDGMENT

This is a post-conviction relief (PCR) case initiated by Gary Ray Cooley, now pro se, following convictions in 1995 of simple assault and obstruction of justice.  Cooley asserts a claim of ineffective assistance of counsel pursuant to 13 V.S.A. § 7131.  The State seeks summary judgment, arguing that even if the performance of Cooley's attorneys was deficient in the manners alleged, he cannot prove any prejudice to the outcome of his criminal case.  The material facts are undisputed.  No hearing pursuant to 13 V.S.A. § 7133 is necessary.  *See* In re Bashaw, 129 Vt. 393, 394 (1971).

Findings of Fact

The PCR claims are not set out with any clarity in the petition.  Following the State's summary judgment motion, Cooley generally describes his ineffective assistance of counsel claim as follows: "Ineffective  Assistance of Counsel by the extremely corrupt, intensely evil,

extremely dishonest, 'jew' (Rev. 2:9, 3:9), child of satan: [his defense counsel]." He then cites numerous instances of "lies" in the testimony of witnesses at trial, and "lies" and other "improper tactics" used by the "Extremely Corrupt and Dishonest" prosecutor. Cooley counts each such instance as an example of ineffective assistance because his attorney failed to object. Cooley claims his "extremely corrupt and dishonest" appellate counsel was ineffective precisely for not having pursued these same claims in the appeal of the criminal case. Nowhere does Cooley meaningfully addresses the State's legal argument: that any deficiencies in his representation did not prejudice the fairness of his trial. Instead, Cooley merely claims that it is obvious that he is innocent.

The following is a representative example of the alleged "lies" to which Cooley's counsel failed to object. The prosecutor—evidently arguing during closing that an "implied" threat is not different from a "direct" one—stated: "And frankly, it doesn't matter whether Gary Cooley said to Walter Brown tell Christine I'll kill her or Gary Cooley simply left a message on the answering machine, 'I hope God kills both of you.' Either way it amounts to the same thing." Trial Transcript, p. 167. Cooley argues:

> Another gigantic lie by [Prosecutor]. My statement that, I hope God kills both of you for the horrible things you've done to me in the past[] is NOT a threat; and obviously was NOT intending to influence anyone to not testify the TRUTH; and does NOT make me guilty of Obstructing Justice! My statement was not a significant implied threat.
>
> [Defense Counsel] should have aggressively objected to this lie AND had the judge instruct the jury that that statement does NOT make me guilty of Obstruction of Justice.

Plaintiff's Memorandum at 2 (filed May 31, 2005). That is, Cooley agrees generally that he made the statement, but disagrees with its potential legal implications and his attorney's decision not to object.

2

<u>Conclusions of Law</u>

Under both the United States and Vermont Constitutions, an accused has the right to reasonably effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984); <u>In re Miller</u>, 168 Vt. 583, 584 (1998) (mem.). An ineffective assistance claim has two components. "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense . . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." <u>Strickland</u>, 466 U.S. at 687. Because counsel must have "wide latitude" to make strategic choices, judicial scrutiny of those choices must be "highly deferential." <u>Id</u>. at 689. In proving errors of counsel, the defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id</u>. If errors are proven, the defendant still must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id</u>. at 686.

The <u>Strickland</u> decision made clear that in protecting the adversarial process from deficiencies in the effective assistance of counsel, courts must remain pragmatic:

> In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

3

Id. at 697. Here, the State argues, and the court agrees, that no deficiencies of counsel demonstrate sufficient prejudice.

The circumstances of this case do not suggest that any deficiencies in trial counsel's performance would have had any effect on the verdict. Decisions to object to particular statements of a witness, or arguments of a prosecutor, are highly strategic and do not necessarily result in the ruling sought from the trial judge. Cooley has made no showing that any of the "missed" objections would have led to any action by the trial judge that could have aided Cooley's case before the jury. There is no showing that even if the objections had been made and sustained, they would have been likely to have any effect on the jury's decision.

The court understands that Cooley is upset about statements made at trial that he believes were factually misleading or untrue. Most trials, however, involve conflicting evidence. The crucial role of the jury is to weigh conflicting evidence and make factual determinations so a just verdict may be reached. Conflicting evidence does not demonstrate that the outcome of the trial was unfair. Moreover, Cooley has not proven that the objections he retrospectively desires were so fundamental to the trial that they might have led the jury to reevaluate which witnesses and testimony it deemed credible. Also, many of those objections specifically relate to the law applicable to the case. Cooley has not proven any legal errors so great that the proper functioning of the adversarial process was undermined.

### Order

For the foregoing reasons, the State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this 26th day of October, 2005.

_____
Helen M. Toor
Superior Court Judge

4