*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-159

JANUARY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 2, Chittenden Circuit |
| | } | |
| Frederick Hunter | } | DOCKET NO. 520-2-09 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction by jury of simple assault on a police officer and resisting arrest.  He argues that the court should have granted his motion for a new trial because his convictions are not supported by the weight of the evidence.  We affirm.

Defendant was charged with numerous crimes following an incident at a motel.  As relevant here, the State's information alleged that defendant kicked a police officer and intentionally attempted to prevent a lawful arrest.  Three police officers testified on behalf of the State at trial.  They indicated the following.  At approximately 8 a.m. in February 2009, Officer Bruce Beurlein and Sergeant Allen Fortin were dispatched to a motel in Shelburne to respond to a reported assault.  The officers were wearing uniforms and they arrived in a police cruiser.  A motel clerk described how defendant had assaulted her, and the clerk's associate stated that he had to pull defendant off of the clerk to stop the assault.  The clerk wanted defendant removed from the motel and she directed the officers to defendant's room.

When the officers approached the room, they heard defendant ranting and raving inside. The officers knocked and announced themselves, but defendant refused to open the door.  At one point, defendant approached the room's window and screamed at the officers.  Sergeant Fortin knocked again, announced himself, and asked defendant to come to the door.  Defendant continued to yell threateningly.  The officers decided to take defendant into custody based on the alleged assault and out of concern for public safety.  A third officer, Caleb Casco, arrived on the scene, and the officers entered defendant's room with a pass key.  They directed defendant to get on the floor, but defendant did not do so.  Officer Beurelein repeatedly stated that he would use a taser if defendant did not comply.  Defendant continued to defy the officer's command and he instead turned toward a bag on the motel bed that contained his personal belongings.  Out of concern for officer safety, Officer Beuerlein used his taser, causing defendant to sit back on one of the motel beds.

Defendant nonetheless continued to ignore the officers' requests to go to the floor.  The officers then attempted to force defendant to the floor, but he continued to resist and at one point,

grabbed a chair. Eventually, the officers were able to handcuff defendant. They took defendant to the police cruiser, where defendant continued to resist and threaten the officers. At one point, he tried to bite one of the officers. When defendant was halfway in the cruiser, he drew back and kicked Officer Casco in the chest, leaving a footprint and causing the officer pain. After the officers got defendant into the cruiser, he continued to kick at the windows and dividers in the car and he was placed in leg shackles.

Defendant testified on his own behalf. He denied that any assault occurred, and claimed that the police had entered his room suddenly, yelled at him, and handcuffed him. The jury found defendant guilty of both counts. Defendant then filed a motion for a new trial, arguing in relevant part that the verdicts were against the weight of the evidence. The court denied the motion. This appeal followed.

Defendant asserts that there is insufficient evidence to show that he caused Officer Casco bodily injury. He also argues that, when the evidence is viewed as a whole, the weight of the evidence preponderates heavily against the conclusion that there was sufficient evidence to show that he resisted arrest. Defendant refers to his own testimony in support of this argument, suggesting that any resistance he offered was justified because the officers used excessive force. Defendant also suggests for the first time on appeal that the jury might have reached a compromise verdict.

The trial court has authority to grant a new trial if required in the interests of justice. V.R.Cr.P. 33. "The grant of a new trial is a remedy used sparingly and only in exceptional circumstances." State v. Turner, 2003 VT 73, ¶ 11, 175 Vt. 595. As we have explained, "a new trial based upon the weight of the evidence should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." State v. Ladabouche, 146 Vt. 279, 285 (1985). "The court's decision on a new trial motion is a matter committed to the sole discretion of the court and will stand on appeal unless defendant can show that the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." State v. Elkins, 155 Vt. 9, 18 (1990) (citation omitted). The court did not abuse its discretion in denying defendant's motion here.

As set forth above, there is ample evidence to support defendant's convictions on both counts. As to the assault on a police officer charge, Sargent Fortin testified that he saw defendant kick Officer Casco in the chest and he observed a boot mark on the officer's uniform following the kick. Officer Casco also testified to the kick and stated that it caused him pain. The fact that defendant testified otherwise does not demonstrate that the weight of the evidence preponderates against the verdict. The record overwhelmingly supports the jury's conclusion that defendant recklessly caused bodily injury to Officer Casco. See 13 V.S.A. § 1028(a). The record is also replete with testimony about defendant's defiant, resistant, and aggressive behavior in the face of the officers' lawful attempt to arrest him. See id. § 3017(a) (defining crime of resisting arrest, and indicating that a defendant's mistaken belief about unlawfulness of arrest is not a defense). Finally, assuming that defendant's last claim of error was preserved, the record belies any suggestion that the jury reached a compromise verdict. Cf. State v. Crepeault, 167 Vt. 209, 213 (1997) (recognizing that criminal conviction must be based on legally sufficient evidence, and entering judgment of acquittal where verdicts were legally inconsistent with one another). The court did not err in denying defendant's motion for a new trial here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice