*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-238

MAY TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Corey Richardson | } | DOCKET NO. 40-1-11 Oscr |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of two counts of sale of cocaine. He contends the evidence was insufficient to support the verdict. We affirm.

The record evidence may be summarized as follows. An officer with the state police assigned to the Vermont Drug Task Force testified that one of her confidential informants identified defendant as someone who was selling illegal drugs in the summer of 2010. The informant provided a description of defendant and his car. In response, the officer had the informant contact defendant to arrange two controlled buys in July 2010. The calls were recorded. The first buy occurred in a restaurant in St. Johnsbury. The officer testified that she provided the informant $100 of recorded Drug Task Force money to buy a gram of cocaine and provided her with a cell phone to record the conversation. The officer dropped the informant near the restaurant, and the informant remained under constant police surveillance until she returned shortly thereafter.

The informant began her testimony with a positive in-court identification of the defendant. She then testified about the first controlled purchase. She testified that she entered the restaurant, saw defendant sitting with another man, and sat down at the table next to defendant. After a short conversation, the informant determined that she needed to make change to purchase a half gram of cocaine for $50. She went to the cashier to purchase a pie, and returned to the table, where she found the cocaine under a napkin on the tray in front of defendant. She took the cocaine, placed the money under the napkin, and observed defendant "grab[] it." She then left the restaurant, went straight to meet the officer, and handed him the remaining $50 and drugs, which tested positive for cocaine.

The second controlled buy occurred two days later in the parking lot of a supermarket in the Town of Barton. The informant arranged the meeting with defendant by telephone. Prior to the meeting, the officer provided the informant with $300 to purchase an "eight ball," or about an eighth of an ounce of cocaine, and fitted her with a wire to transmit their conversation. The police observed the informant enter defendant's vehicle, listened to their conversation, observed her exit the vehicle, and met her immediately thereafter. She gave the officer the drugs, which tested positive for crack cocaine. The informant recalled that, during the meeting, she handed defendant the money, and he handed her "the ball."

At the conclusion of the State's case, defendant moved for judgment of acquittal for insufficient evidence, arguing that the informant was "trying to work off criminal charges" and thus had an "incentive" not to tell the

truth, and further that there was ambiguity concerning the identity of the defendant and his companion during the first controlled buy. The court denied the motion. Defendant presented no evidence. As noted, the jury returned guilty verdicts on both counts. This appeal followed.

Defendant renews his claim that the evidence was insufficient to support the judgment. We review the denial of a motion for judgment of acquittal to determine whether the evidence, "viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.) (quoting State v. Delisle, 162 Vt. 293, 307 (1994)). Viewed in this light, we find no merit to defendant's claims. First, he asserts that the confidential informant's testimony, which formed a significant part of the State's evidence, was "inherently untrustworthy." He notes that the informant acknowledged that she had prior convictions for burglary, petit larceny, and false pretenses, that she had signed a cooperation agreement with the State's Attorney's office in 2009 that had resulted in the dismissal of several additional criminal charges, that her testimony in this case was pursuant to an agreement with the drug task force, signed in March 2010, in which she agreed to cooperate in the investigation of individuals distributing illegal drugs, and that a recent possession-of-cocaine charge had been dismissed

Assessing the witness' credibility in light of the evidence of her prior convictions and cooperation agreements was an issue solely for the jury's determination. State v. Couture, 169 Vt. 222, 227 (1999) ("We have long recognized that judging the credibility of witnesses is a duty left to the jury."). The jury here apparently found her testimony to be credible, and that testimony, together with that of the investigating officers was more than sufficient for the jury to conclude beyond a reasonable doubt that defendant was guilty of the charges.

Defendant also contends that the evidence was insufficient to prove that he, rather than the man who was seated with him at the restaurant, was responsible for the first drug sale because the informant did not see who placed the cocaine under the napkin. Such eyewitness testimony was not required, however, where circumstantial evidence—including testimony that the informant arranged the meeting at the restaurant with defendant, that the cocaine was under a napkin on a tray in front of defendant, and that defendant took the money which the informant placed under the same napkin—tended to prove that it was defendant who supplied the drugs. See id. at 226 (holding that circumstantial evidence alone may be sufficient to support conviction and that "[t]he State is not required to exclude every reasonable hypothesis of innocence if the inferences drawn from circumstantial evidence" support the conviction). Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice