*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-291

JUNE TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Floyd A. Amidon | } | DOCKET NO. 227-3-12 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals a jury conviction for violating an order against stalking, arguing that the trial court erred by not granting his post-judgment motions based on a claim that there was insufficient evidence to support the verdict. We affirm.

On February 14, 2012, the day of the incident that led to the instant charge, there was in effect a legal order against stalking that included a condition requiring defendant to have no contact with W.S. Defendant was charged with violating the order after a police officer observed him with W.S. at defendant's residence. Following a trial during which the trial court denied defendant's motion for a judgment of acquittal, the jury convicted defendant of violating the order. Defendant filed post-judgment motions seeking either a new trial or judgment of acquittal, arguing that the evidence at trial was insufficient to support the verdict. The trial court denied the motions, concluding that there was sufficient evidence for the jury to conclude that defendant had invited, or at least consented to, contact with W.S. in violation of the order against stalking.

On appeal, defendant argues that even if the State's evidence alone were sufficient to support the conviction, the weight of all of the evidence presented at trial, when viewed in its entirety, preponderates against the jury's verdict, thereby warranting the exceptional remedy of a new trial. In making this argument, defendant acknowledges the following testimony. W.S. testified that, in response to his text to defendant, defendant invited him to defendant's residence, and that, after he arrived there, no one told him to leave. The police officer who discovered the alleged violation of the order against stalking testified that, upon arriving at defendant's residence to do a welfare check and getting defendant's attention through a window of the residence, defendant spoke to a male person who then hurried into a bathroom in the residence. According to the officer, that male person turned out to be W.S. Defendant and others testified that shortly before the officer arrived at his residence, W.S. had arrived claiming to have been locked out of his residence and then refused to honor defendant's request for him to leave. But the officer testified that no one in the residence, including defendant or other guests, told him at the scene the story that W.S. had arrived only minutes earlier claiming to be locked out of his residence. Defendant argues that, despite the testimony of W.S. and the police officer, the

evidence in its entirely was insufficient for the jury to find him guilty given his and others' conflicting testimony.

We find defendant's argument unavailing. "The standard of review for the denial of a V.R.Cr.P. 29 motion for judgment of acquittal is whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.) (quotations omitted). In this case, the State presented evidence that defendant invited W.S. into his home, had contact with him, and appeared to have even encouraged him to hide when police arrived. The State's evidence was sufficient to support the jury's guilty verdict, and the jury was free to reject the modifying evidence submitted by defendant. See B & F Land Dev. LLC v. Steinfeld, 2008 VT 109, ¶ 10, 184 Vt. 624 (mem.) (noting that it was within sole province of jury to weigh witnesses' credibility and to accept or reject evidence submitted by either side).

Moreover, as defendant acknowledges, the grant of a new trial based on the weight of evidence is an exceptional remedy that "should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." State v. Ladabouche, 146 Vt. 279, 285 (1985); see Turner, 2003 VT 73, ¶ 11 (stating that motion for new trial based on sufficiency of evidence "should be granted 'only upon a conclusion by the trial court that, weighing all the evidence including the credibility of witnesses, the verdict is clearly against the weight of evidence' " (quoting Reporter's Notes, V.R.Cr.P. 33)). That is not the case here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice