*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2013-378 & 2013-379

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Joseph Castegnaro | } | DOCKET NOS. 999-9-12 Bncr & |
| | | 1076-10-12 Bncr |

Trial Judge: Cortland Corsones

In the above-entitled causes, the Clerk will enter:

Defendant appeals from his convictions of two counts of violating an abuse prevention order, second or subsequent offense, in violation of 13 V.S.A. § 1030(b). He argues that the evidence was insufficient to support his convictions, or alternatively, that the evidence weighed heavily against the guilty verdicts. We affirm.

In July 2012, defendant was served with an abuse prevention order. The order required defendant to remain 100 feet away from the victim and her residence; it also prohibited defendant from contacting the victim "in any way," including "indirectly . . . through a third party or in any other manner." Defendant was subsequently charged with violating the order by being within 100 feet of the victim's residence on or about September 1, 2012, and for having third-party contact with the victim on or about September 9, 2012. At trial, two witnesses testified, as described in more detail below, that defendant was near the victim's residence on September 1, 2012. Another witness testified that, on September 9, 2012, defendant asked her to tell the victim to call him. At the close of the State's case, defendant moved for a judgment of acquittal. He argued that the evidence did not sufficiently establish the precise dates that he allegedly committed the charged acts. The court denied the motion. The jury found defendant guilty of both charges. This appeal followed.

Defendant argues that his convictions should be reversed because there was "uncertainty" as to when the alleged acts occurred, leaving the evidence of guilt tenuous and uncertain. Defendant does not identify the specific "uncertainty" to which he refers.

We review the trial court's denial of a motion for judgment of acquittal to determine if "the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.) (citation omitted). "A judgment of acquittal is proper only if the State has failed to put forth any evidence to substantiate a jury verdict." Id.

First and foremost, as defendant acknowledges, the actual date that the alleged acts occurred is not an element of the crimes. See State v. Infante, 157 Vt. 109, 111-12 (1991) (reaffirming the rule that time is generally not considered an element of an offense, and the jury need not be instructed to find that the offense occurred on a specific date, unless defendant asserts a "defense that makes time critical" such as an alibi defense). Although the State must prove that defendant's acts occurred while a relief from abuse order was in effect, it is not generally required to establish the date of the offense with certainty. Defendant does not contest that he was served with a lawful abuse prevention order containing the conditions at issue in July 2012. Ample evidence supports the jury's conclusion that defendant committed the acts supporting his conviction well after July 2012.

In fact, sufficient evidence supports the State's specific charge that the first offense occurred on or about September 1, 2012. A police officer testified that the victim contacted police on September 1, 2012 and that he spoke that day to the victim and a neighbor who observed the offense. The victim's neighbor testified that she saw defendant in the victim's driveway on September 1, within approximately 15 feet of victim's home. She testified that she was aware of the abuse prevention order at that time. Another neighbor testified that he saw defendant outside the victim's home that day, knocking on the victim's door. He reconstructed the date of this incident several days later when he mentioned it to the victim. He recalled that he had seen defendant knocking on the victim's door the same day he got his food stamps— namely, September 1. This evidence is sufficient to establish that, on or around September 1, 2012, defendant came within 100 feet of the victim's residence.

As to the second charge, another of the victim's neighbors testified that on September 9, 2012, she ran into defendant on her way to church. Defendant asked her to tell the victim that he wanted the victim to call him because he was lonely. The neighbor later relayed this information to the victim. The record thus supports defendant's conviction on the charge that he contacted the victim through a third party on or about September 9.

We find no error in the court's denial of defendant's motion for judgment of acquittal.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2