*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-471

MARCH TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Criminal Division |
| | } |
| Joshua P. Hayes | } DOCKET NO. 1262-11-12 Bncr |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of reckless endangerment, in violation of 13 V.S.A. § 1025, and taking game by shooting from a motor vehicle, in violation of 10 V.S.A. § 4705(a). He contends: (1) the evidence was insufficient to support the conviction of reckless endangerment; and (2) the trial court erroneously denied a motion to continue the trial for the purpose of allowing defendant to procure the attendance of a defense witness. We affirm.

The record evidence may be briefly summarized. Additional material facts will be set forth in the discussion which follows. A witness testified that, on the morning of November 24, 2012, he was driving his pick-up truck south on South Stream Road in the Town of Bennington when he observed a maroon-colored SUV stopped on the road in the opposite lane, facing north. The witness slowed to about ten to fifteen miles per hour as he approached the stopped vehicle, and was about ten yards away when he heard a gunshot. He quickly stopped and observed the passenger in the SUV pull the barrel of a rifle back inside the vehicle. The barrel was pointing west, across the road in front of the witness. The witness then observed the driver and the passenger exit the SUV; the driver ran across the road toward a field, and the passenger ejected a shell from a rifle. The witness asked the passenger what he was doing, and was told to "get the f--- out of here." The witness identified defendant as the man holding the rifle.

Two residents of a house located on South Stream Road also testified. The daughter of the owners stated that, on the morning in question, she heard "an incredibly loud gunshot," looked out the window, and saw a light-colored truck coming to a stop and a maroon SUV in the opposite lane. She then observed two individuals in hunting clothes exit the vehicle and run across the road. Her father testified that he also heard a loud shot, went outside, and observed two individuals in hunting clothes, one of whom was carrying a rifle. He started to yell at them, and the man carrying the rifle said he was "sorry." He identified the man carrying the rifle as defendant.

A warden for the Fish and Wildlife Department testified that he responded to two complaints about shots fired that morning. The warden drove to the area, parked near the location in question, and observed an SUV drive by with a deer in the rear of the vehicle. After the vehicle was stopped by another officer, the warden questioned one of the occupants, whom

he identified as defendant. Defendant told the warden that he had shot deer but gave several different versions of the circumstances of the shooting, claiming that it occurred while he was either sitting or running through the woods.

Defendant testified in his own behalf. He stated that he and Terry Young, whom he considered a stepbrother, were driving in the SUV when Young saw a deer and pulled over. Defendant claimed that he then exited the vehicle with his rifle, ran across the road, and shot the deer when it froze. He acknowledged telling the warden several different versions of the shooting, which he attributed to a concern that he had shot too close to a residence.

As noted, a jury convicted defendant on charges of reckless endangerment and taking a deer by shooting from a motor vehicle. The trial court denied a subsequent motion for judgment of acquittal or new trial. This appeal followed.

Defendant contends the evidence was insufficient to support the conviction for reckless endangerment. We review de novo a motion for judgment of acquittal. State v. Vuley, 2013 VT 9, ¶ 30, 193 Vt. 622. The standard of review for the denial of such a motion "is whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (quotation omitted) (mem.).

We conclude that the evidence here was sufficient to support the judgment of conviction. The statute in question proscribes "recklessly engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury." 13 V.S.A. § 1025. Defendant argues that he did not place anyone in actual danger, relying on out-of-state cases holding that merely firing a pistol in the air or in the general direction of a roadway does not constitute reckless endangerment. The evidence here, however, does not show that the danger to the driver of the other vehicle was remote or abstract. Defendant fired a rifle from inside his vehicle across a roadway while the other driver was slowly approaching from the opposite direction, was yards away, and was about to cross the line of fire. This was sufficient to reasonably support a judgment by a reasonable trier of fact that defendant was guilty beyond a reasonable doubt of recklessly placing another in danger of death or serious injury.

Defendant also contends the trial court erred in denying a continuance motion. The record discloses that, on June 17, 2013, the day before trial, defendant filed an emergency motion to continue the trial, asserting that Terry Young, the driver of the maroon SUV, was an "essential fact witness;" that defense counsel had attempted to contact Young on June 14, 2013, after learning on June 11 that trial was scheduled for June 18; that Young did not answer his phone; and that counsel subsequently learned on June 16 that Young was away fishing and would not return until later in the week.

The trial court held a hearing on the motion on the day it was filed. The State opposed the continuance. After hearing arguments, the trial court denied the request, observing that the motion had been filed on the eve of trial, that defense counsel had been informed two months earlier, in April 2013, of the jury draw scheduled for June 11, and that Young was obviously a "friendly" witness whom defense counsel could have contacted at that time to inform him of the pending trial, determine any dates he was unavailable, and ensure his attendance.

Defendant contends that, in denying the motion, the trial court abused its discretion and denied his constitutional right to call witnesses on his own behalf. "Because a motion to

continue must be decided in the light of the circumstances surrounding each individual case, we will not interfere with the trial court's decision if there is a reasonable basis to support it." State v. Schreiner, 2007 VT 138, ¶ 14, 183 Vt. 42. "We will reverse a trial court's decision on such a motion only if that decision constituted an abuse of discretion." Id.

Defendant is certainly correct that he enjoys a constitutional right to compulsory process, but that right is not absolute. Such process is "only required where the witnesses to be called will offer competent and material testimony." State v. Kelly, 131 Vt. 582, 588 (1973); see also United States v. Ill. Dep't of Corr., 871 F.2d 680, 686 (7th Cir. 1989) (to determine whether right to compulsory process has occurred, "we must determine whether the testimonial evidence to be presented by the witness was relevant, material, and vital to the defense, and whether the exclusion of that evidence was arbitrary" (quotation omitted)), overruled on other grounds by Tague v. Richards, 3 F.3d 1133, 1140 (7th Cir. 1993). The U.S. Supreme Court has also recognized that the right may be qualified by the need for "rules of procedure that govern the orderly presentation of facts and arguments," and that "[t]he State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition of and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence." Taylor v. Illinois, 484 U.S. 400, 411 (1988); see also State v. Edwards, 153 Vt. 649, 649 (1989) (mem.) (upholding preclusion of testimony of two defense witnesses where they were not disclosed until a week before trial, they were related to defendant and thus easily disclosed earlier, and their testimony would have been cumulative).

On the record here, we cannot conclude that the court abused its discretion in denying the continuance motion. As noted, the witness was well known to defendant, and defense counsel had known since April 2013 of the jury draw scheduled for June 11. Thus, he could have ensured that the witness was available at that time, or determined in advance when he would be unavailable, rather than seeking to postpone a long-delayed trial the day before it was scheduled to commence. Furthermore, while counsel represented that Young would state that defendant exited the truck before shooting the deer, the testimony was cumulative of defendant's, and its probative value was diminished by Young's relationship with defendant, who considered him a stepbrother. Accordingly, we find no error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3