*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-306

JUNE TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| George A. Mannoia | } DOCKET NO. 920-8-13 Bncr |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals his convictions on two counts of possessing stolen property. He argues that the evidence was insufficient to establish, with respect to both counts, that the value of the stolen property exceeded the minimum for the crime and, with respect to the count involving tools and an Apple computer, that he was in possession of the property. We affirm.

The State's information charged defendant with two counts of possessing stolen property in violation of 13 V.S.A. § 2561(b), which provides as follows: "A person who buys, receives, sells, possesses unless with the intent to restore to the owner, or aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property." Pursuant to 13 V.S.A. § 2501, a person who steals property valued at more than $900 may be imprisoned for up to ten years and fined up to $5000. The first count of the State's information states that on or about August 22, 2013, defendant "bought, received, sold, possessed without intent to restore to the owner, or aided in the concealment of stolen property valued in excess of $900.00, knowing the same to be stolen, to wit: CAT-TV property." The second count makes the same statement, but with respect to "tools and Apple Computer." The State sought a penalty of up to life imprisonment pursuant to the habitual offender statute, 13 V.S.A. § 11.

A two-day jury trial was held in March 2014. The State presented eleven witnesses and the defendant none. After the State rested, defendant moved for judgment of acquittal under Vermont Rule of Criminal Procedure 29, arguing, with regard to the second count, that there was no evidence the tools were stolen and, with regard to both counts, that there was no evidence as to the value of the property. The court denied the motion, ruling, in relevant part, that a reasonable jury could infer from the evidence presented on the cost of the property that the property cited in each count had a value exceeding $900 at the time it was discovered in defendant's possession. At the conclusion of the hearing, the jury convicted defendant on both

counts. Following a sentencing hearing, the trial court sentenced defendant to two concurrent terms of five-to-ten years to serve.

On appeal, defendant first argues that the evidence was insufficient to establish the value of the stolen property as to either count. "The standard of review for the denial of a V.R.Cr.P. 29 motion for judgment of acquittal is whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.) (quotation omitted). In reviewing a motion for judgment of acquittal based on insufficiency of the evidence, "we cannot place ourselves in the jury's stead." State v. Neisner, 2010 VT 112, ¶ 18, 189 Vt. 160. A "defendant's guilt may be established by . . . circumstantial evidence, and proof of facts includes reasonable inferences properly drawn therefrom." State v. Erwin, 2011 VT 41, ¶ 20, 189 Vt. 502 (quotation omitted); see State v. Durenleau, 163 Vt. 8, 12 (1994) ("In assessing circumstantial evidence, the fact-finder may draw rational inferences to determine whether disputed ultimate facts occurred."). The evidence, however, "must be examined both for its quality and strength; evidence that . . . is dependent upon conjecture is insufficient." Durenleau, 163 Vt. at 10 (quotation omitted).

Defendant contends that the evidence on the value of the stolen property amounts to pure conjecture. We disagree. With regard to the first count, the State presented evidence that the three stolen high-end HD video cameras were purchased between 2011 and 2012 for just under $5000 to $5500 apiece; that the cameras had a useful life of about ten years; and that it would cost about the same amount of money to replace them. With regard to count two, the State presented evidence that the stolen computer was purchased in May 2012 for over $3000 and that the computer contained stored training videos that cost quite a bit to produce. Based on this evidence, we agree with the trial court that a jury could reasonably infer from the purchase price of these items that, with respect to each count, they had a value exceeding $900 at the time they were discovered in defendant's possession in August 2013.

Defendant also argues for the first time on appeal that the evidence was insufficient to demonstrate that he possessed the stolen CAT-TV property. We find no plain error, if any error at all. While police officers were executing a warrant to search defendant's home, defendant informed one of the officers that he could assist in locating some cameras. Eventually, defendant made some telephone calls and, as a result, first the three high-end HD video cameras, and then a CAT-TV television, appeared outside his apartment. At trial, the State argued that defendant was in constructive possession of those items. See State v. Ballou, 127 Vt. 1, 6 (1968) (noting that actual and constructive possession often blend together and that "[i]n criminal law possession usually means care, management, physical control, or the secret hiding or protection of something forbidden or stolen" (quotation omitted)). Given the circumstances in this case, where the evidence indicated that defendant was able to exercise dominion and control over the stolen property, we find no plain error as to whether defendant possessed the property. See State v. Butson, 2008 VT 134, ¶ 15, 185 Vt. 189 ("[W]e will reverse based on plain error only when: (1) there was an error; (2) the error is obvious; (3) the error affects substantial rights and results in prejudice to defendant; and (4) the error seriously undermines the fairness, integrity, or public reputation of judicial proceedings."). This is not one of those rare and extraordinary cases where

2

the alleged error is obvious or "so prejudicial that it undermines confidence in the outcome of the trial." State v. Johnson, 158 Vt. 508, 513 (1992) (quotation omitted); see State v. Campbell, 146 Vt. 25, 26 (1985) ("We will find plain error only in those rare and extraordinary cases where the error is both obvious and strikes at the very heart of the defendant's constitutional rights or results in a miscarriage of justice if we do not recognize it.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice