*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-401

JULY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Anthony Morabito | } | DOCKET NO. 1320-12-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction for leaving the scene of an accident, in violation of 23 V.S.A. § 1128(a). He contends the evidence was insufficient to establish that he failed to identify himself as soon as reasonably possible. We affirm.

The facts may be summarized as follows. On the morning of November 11, 2013, a resident of Observatory Street in the Town of Bennington contacted the police to report damage to his property. The property owner testified that he had been away the prior evening, and when he returned in the morning around 9:00 a.m. or 10:00 a.m., he observed that his lawn had been "plowed up" and that two neighbors' lawns had also been damaged. When a police officer arrived, at about 11:00 a.m., the officer observed that the "property was damaged significantly," and that other nearby properties had also suffered damage. The property owner pointed out to the officer a truck with a plow attached that was parked about 100 yards up the road. The truck had a note under the windshield which the officer photographed. The resident recalled that it indicated something like, "lost my brakes, be back to pick up the truck." The photograph of the handwritten note shows two clear lines, stating: "Brakes are not working right. Tow truck Monday morning." Although a small box appears to contain one additional handwritten word, no other contact information containing defendant's full name, telephone, number or address is visible anywhere on the note.

The officer testified that he recognized the truck as belonging to defendant, and radioed dispatch to inform defendant that the officer was on his way to his residence. After arriving, the officer asked defendant about what had happened to his truck the night before, and defendant told him that he had "lost his brakes." After further questioning by the officer, and an ensuing physical altercation with defendant and an acquaintance, defendant was arrested for leaving the scene of an accident and resisting arrest.[1]

---

[1] Because the court subsequently entered a not-guilty verdict on the charge of resisting arrest, we need not set forth any additional facts underlying that charge.

Defendant testified on his own behalf. He stated that he was driving down a steep hill on the night of November 10, 2013, when he lost his brakes and, in response, quickly turned into a driveway with a "steep incline" to use "the gravity force" to stop the truck before hitting the house. Defendant recalled that it was cold and snowy, and he concluded that he would leave a note and "deal with [it] in the morning." Accordingly, defendant backed down out of the driveway, drove up the hill, parked the truck on a level area, left a note on the windshield, and walked home. Defendant claimed that he put his name and phone number on the note, which he surmised may have been washed away. He also stated that he knocked on the door of the residence, but nobody was home. When the officer arrived late the next morning, defendant recalled that he was having coffee with friends and cooking potato salad.

Following the one-day bench trial, the court entered its findings and conclusions on the record. The court found that defendant was operating a motor vehicle on the evening in question, and was knowingly involved in an accident that caused damage to the lawn of a residence. The court further found reasonable defendant's explanation that he thought to knock on the door of the residence, but "debat[able] whether he somehow should have left a message on the door versus leaving a short note on his vehicle about how it was not running," and equally "debat[able] whether he should have somehow "made his way to the police station" rather than going straight home. Whatever was reasonable "the night before," however, the court found that defendant did not act within a reasonable time the next day, when he "hadn't made any effort to call the police or to get back to the person" before the officer arrived, and found that this "was not a reasonable time period to ignore the situation." Accordingly, the court entered a guilty verdict on the charge of leaving the scene of an accident.[2] This appeal followed.

Defendant contends the evidence was insufficient to support a finding that he failed to identify himself as soon as reasonably possible. The standard on review is whether the evidence, when viewed in the light most favorable to the verdict and excluding any modifying evidence, could fairly and reasonably convince a trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.).

The statute at issue requires a driver involved in an accident causing property damage to "immediately stop and render any assistance reasonably necessary" and "give his or her name, residence, license number, and the name of the owner of the motor vehicle to any person who is injured or whose property is damaged and to any enforcement officer." 23 V.S.A. § 1128(a). "We have held that the immediacy with which a defendant renders aid and provides information is a fact-specific inquiry, but that aid and identification should occur 'as soon as reasonably possible.' " State v. Myers, 2011 VT 43, ¶ 37, 190 Vt. 29 (quoting State v. Severance, 120 Vt. 268, 274 (1958)); see also State v. Loso, 151 Vt. 262, 266 (1989) (observing that, under the statute, "failure to . . . to give the required information at a time and manner reasonable under the circumstances is sufficient to convict").

Defendant argues that he acted reasonably under the circumstances by knocking on the property owner's door and by leaving a note on the truck. He asserts that these actions demonstrate that he did not leave the scene without trying to contact the owner or without leaving identifying information. The evidence does not support defendant's claim, however, that the note contained his contact information. Neither the property owner nor the officer saw any

---

[2] As noted at n.1, infra, the court went on to find defendant not guilty on the charge of resisting arrest.

2

contact information on the note; the photograph shows none; and the officer did not—contrary to defendant's claim—identify defendant from information contained in the note, but rather from his own knowledge of defendant's truck. Moreover, in the hours between the accident and the officer's arrival at his door, defendant took no further action to contact the property owner or any action to contact law enforcement. Defendant's decision to drink coffee with his friends and to cook potato salad the next morning before taking any further action relative to the accident belies any claim that defendant acted "as soon as reasonably possible" to report the accident.

Thus, under the circumstances, the evidence was sufficient to support the court's conclusion that defendant failed to take reasonable steps to contact the property owner and the police as soon as reasonably possible. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3