*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-175

APRIL TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Jeffrey M. Brandt | } | DOCKET NO. 3859-10-09 Cncr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of possession of child pornography, in violation of 13 V.S.A. § 2827(a). He contends the evidence was insufficient to prove that he knowingly possessed the material in question. We affirm.

Defendant was charged by information with possession of child pornography, specifically a video entitled "Hot Spermed Girls." A two-day jury trial was held in October 2011. The evidence adduced at trial may be summarized as follows. Defendant's wife testified that she and defendant lived together at a hotel for a period of several months in the Fall of 2007.[1] Defendant was incarcerated in December 2007, and was not released until April 2009. His wife recalled that in mid-April 2008, while defendant was incarcerated, she turned on defendant's laptop computer, went into the "downloaded files" to try to play music, and observed pictures that greatly disturbed her. She thereupon called the police, reported what she had seen, and brought them the laptop.

The computer was examined by a police lieutenant with expertise in computer forensics. The officer testified that he found over a thousand photographs and a number of videos containing images of child erotica. A majority of the material, including a video entitled "Hot Spermed Girls," was contained within a folder called "Slim," which according to his wife is defendant's nickname. Defendant stipulated that the video in question contained images which met the statutory definition of child pornography. The officer testified that the video was "created" or "placed on that computer" on October 11, 2007, prior to defendant's incarceration. The officer further explained that software exists that would allow "a techie" to modify the creation date.

Defendant's wife testified that he spent a lot of time on his laptop computer, was "secretive" about his use, and often carried it with him. She stated that they never had company in their hotel room, and that she never saw anyone other than defendant using the computer

---

[1] Although defendant and his wife were later divorced, for simplicity we shall refer to her herein as defendant's wife.

before his incarceration. She recalled that after defendant was incarcerated the only other person to use the computer was her friend Erin; Erin's husband was incarcerated with defendant, and, in defendant's wife's presence, Erin used the laptop to place money in her husband's and defendant's prison commissary accounts.

Two other police officers testified. One had been acquainted with defendant for several years. The officer recalled that while defendant was incarcerated the officer conveyed the computer's password from defendant to his wife so she could use it to put money into his commissary account. The officer also described an interview with defendant in which defendant acknowledged that he had downloaded child pornography onto his computer into the folder titled "Slim," that he knew its contents, and that he had used it on numerous occasions. A state trooper who was present during the interview also recalled that defendant acknowledged possessing child pornography on his computer.

At the conclusion of the State's case, defendant moved for judgment of acquittal, asserting that the evidence was insufficient to prove possession. The court denied the motion. Defendant thereafter testified in his own behalf, denying that he had owned a computer at the time of the events in question, and asserting that any admissions he made to the officers were the result of threats. Defendant did not renew the motion for acquittal at the close of the evidence. The jury, as noted, returned a guilty verdict. Defendant thereafter filed a motion for new trial, which the court denied. This appeal followed.

Defendant contends the evidence was insufficient to prove the element of knowing possession. He argues that "[m]erely linking the Defendant to some number of unspecified items of child pornography on his computer without linking him to the specific video in question" was insufficient. He also observes that his wife had access to the computer, and also that he might have removed the computer from their hotel room and allowed access to "someone else" on the day of the download.

Although defendant moved for judgment of acquittal on this basis at the close of the State's case, he failed to reassert the claim at the end of the trial or in a post-verdict motion, and therefore failed to preserve it for review on appeal. State v. Faham, 2011 VT 55, ¶ 15, 190 Vt. 524 (mem.). Defendant did file a motion for new trial on the ground that the verdict was against the weight of the evidence, arguing specifically that the State failed to prove "where the downloads occurred" or that defendant was "the legal owner of the computer." This was insufficient to preserve the claims defendant raises on appeal—namely, that the court erred in denying his motion for judgment of acquittal. See id. ¶¶ 16-17 (holding that post-verdict motion for judgment of acquittal on grounds different from those raised on appeal was insufficient to preserve issues for review). Accordingly, we consider the claim solely to determine whether the evidence was so inadequate "that a conviction would be unconscionable." State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.).

It is undisputed that the video in question meets the definition of child pornography. Furthermore, there was ample evidence that the video was located within a folder bearing defendant's nickname "Slim" on a laptop computer belonging to defendant. There was evidence that defendant acknowledged having downloaded and viewed child pornography on the computer in question into the folder labeled "Slim." Defendant was also the only person—apart from his wife—identified as having access to the computer on the date that the video in question

2

was placed in the folder, and the jury was entitled to credit his wife's testimony that she was unaware of the photos and videos until she found them there.

Taken as a whole, this was more than sufficient to prove that defendant possessed the video, that is, exercised "ownership, dominion or control over an illegal item." United States v. Terrell, 700 F.3d 755, 765 (5th Cir. 2012) (holding that evidence was sufficient to show that defendant " 'knowingly possessed' . . . images of child pornography that were found on his laptop computer" where he exercised exclusive control of computer). The jury had an opportunity to consider defendant's argument that someone else may have accessed the computer or altered the date that the video was placed in the folder, and was apparently unpersuaded. Especially given the absence of evidence to support this theory, defendant's alternate explanation for the presence of the offending video on his computer does not undermine the judgment. See id. at 766 (absent evidence that other individuals exercised any control over laptops, defendant's assertion that someone else may have downloaded images or planted photos was "pure speculation"); see also United States v. Winkler, 639 F.3d 692, 700 (5th Cir. 2011) (jury was not required to accept defendant's "alternative explanations for how the illicit pornography came to be on his computer" where State presented affirmative and "overwhelming evidence . . . of [defendant's] involvement with child pornography" and evidence that he "downloaded child pornography"). Accordingly, we find no grounds to conclude the conviction was unconscionable.

Even if we treated defendant's appeal as an appeal of the trial court's denial of his motion for a new trial on the ground that the verdict was against the great weight of the evidence, for the above reasons, we would affirm the trial court's judgment as amply supported by the evidence.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3