*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-126

DECEMBER TERM, 2013

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| v. | } Criminal Division |
| | } |
| Joshua J. Parizo | } DOCKET NO. 1525-12-11 Frcr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction of lewd and lascivious conduct with a child following a jury trial. He argues that the court erred in excluding certain testimony from the child's step-grandmother. We affirm.

Defendant was charged with two counts of lewd and lascivious conduct with a child in December 2011. The information alleged that defendant, who was twenty-seven years old, touched the breasts of a ten year old child, N.S., on two separate occasions. The following evidence was presented at trial. N.S.'s stepfather, Daniel Donna, Jr., lived with his parents, his sister, defendant, and defendant's children. N.S. occasionally visited her stepfather at this home. Other children were generally present during these visits and the children would all sleep in the living room, either on couches or the floor. The other members of the household had their own bedrooms.

In late 2011, N.S. told her mother that "a friend" had been touched inappropriately by an adult. N.S. later revealed that she was the person who had been touched, and that defendant had touched her breasts on two separate occasions, once in September 2011 and once in mid-November 2011.[*] With respect to the September incident, N.S. testified that on the day in question, she was sitting on the couch, watching television at her step-grandparents' home. There were other children sleeping in the living room and, at some point, her stepfather ended up sleeping on one of the couches in the living room. Defendant came into the living room and sat down next to N.S. He put his hand up her shirt, and rubbed her breast. N.S. got up several times to get away from defendant, ostensibly to go to the bathroom, but defendant was there each time she returned. Eventually, N.S. lay down with her stepfather on the couch.

On cross-examination, defense counsel asked N.S. if she had a boyfriend, whether she told anyone she had a boyfriend, or if she ever told anyone that a boyfriend had called her while she was shopping. N.S. answered no to all of these questions. As part of his case, defendant called Mrs. Donna, who was defendant's girlfriend's mother and the child's step-grandmother. Defense counsel tried to elicit from Mrs. Donna that in mid-November 2011, N.S. allegedly made a statement about a party that her boyfriend would attend and that N.S.'s boyfriend called

---

[*] Defendant was acquitted of the charge alleged to have occurred in November 2011.

N.S. on a cellphone while N.S. was shopping. N.S.'s stepfather responded that N.S. was too young to have a boyfriend, just like N.S.'s mother had told her. The State objected to this testimony. The court asked defendant to explain why this testimony was not too collateral. Defendant responded that one of its theories was that N.S.'s parents were against the idea of her having a boyfriend, and that making up an allegation about defendant would permit the child to say, "I already have this thing going on with this man." Defendant also indicated that Mrs. Donna's testimony would contradict the child's testimony on this issue, and the jury could conclude that she was lying about having a boyfriend. The court found the proffered testimony too collateral and sustained the State's objection. The jury convicted defendant of one count of lewd and lascivious conduct based on the September 2011 incident and acquitted him of the remaining count.

Defendant filed a post-verdict motion for a new trial and dismissal. He argued in relevant part that the court improperly limited the defense in its presentation of its theory of the case. Defendant stated that, at trial, he focused on theories that the child was lying because she was trying to get her own way, she was seeking attention, or she was imagining a relationship with defendant or another person. The primary theory at trial, defendant asserted, was manipulation to get her own way. Defendant maintained that the court should have let him present Mrs. Donna's testimony concerning the boyfriend, and that a new trial was required. The court denied defendant's motion. The court recounted the circumstances surrounding this issue and found, as it did at trial, that the proffered testimony was too collateral. The court concluded that the exclusion of this evidence did not violate defendant's right to conduct relevant impeachment or his right to a fair trial. Following his sentencing, defendant appealed.

On appeal, defendant reiterates his challenge to the exclusion of this evidence. He argues that the proffered testimony was relevant because this case presented a credibility contest, and that Mrs. Donna's testimony would tend to show that the child lied on the witness stand. Defendant also asserts that this testimony tended to establish that, by making false statements about a boyfriend, N.S. was seeking attention and attempting to portray herself as attractive, desirable and the object of male attention. Defendant reasons that this desire created a motive for N.S. to make up a story that defendant had taken a sexual interest in her and touched her breasts. Defendant maintains that Mrs. Donna's testimony "bore directly" on the child's credibility, and that the court erred in excluding it.

We find no error. We recognize that a "defendant's constitutional right to present a defense and to confront witnesses limits the trial court's broad discretion to exclude evidence in criminal matters—where the evidence is otherwise relevant and admissible under the rules of evidence." State v. Faham, 2011 VT 55, ¶ 29, 190 Vt. 524 (mem.); see also State v. Hill, 174 Vt. 566, 567 (2002) (mem.) ("[E]xclusion of . . . testimony [of questionable impeachment value that may confuse the witness and the jury] does not impinge on a defendant's right of confrontation and right to a fair trial."). In this case, the trial court acted well within its discretion in concluding that the question of whether N.S. did or did not have a boyfriend in mid-November, after the convicted behavior occurred, was collateral. See State v. Brochu, 2008 VT 21, ¶ 80, 183 Vt. 269 ("A collateral issue is one not relevant to any material proposition in the case itself. In the instance of impeachment, the collateral issue would be one bearing only on credibility of the particular witness and upon which evidence would not be admissible into the case except for the question of the credibility of the particular witness." (quotation omitted)).

Defendant argues that this evidence should have been admitted to show that N.S. lied on the stand about having a boyfriend. Defendant cannot use extrinsic evidence, however, to attack N.S.'s credibility. See V.R.E. 608(b) ("Specific instances of the conduct of a witness, for

purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence."); see also State v. Johnson, 2008 VT 135, ¶ 19, 185 Vt. 575 (reiterating that "Rule 608 allows impeachment of a witness who testifies, but does not allow specific instances of conduct to be shown by extrinsic evidence," and citing additional cases so holding). We similarly reject defendant's assertion that this evidence was admissible to show that N.S. had a "motive to lie." As stated above, defendant posits that Mrs. Donna's testimony about N.S.'s "boyfriend" would show that N.S. had made up a story about an interaction with a boy, and therefore, she might be similarly fabricating her claim against defendant. This is simply another attempt to challenge N.S.'s character for truthfulness through the use of extrinsic evidence. We find no error in the court's exclusion of this evidence.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice

3