*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-133

JANUARY TERM, 2014

| | |
|---|---|
| In re Isaac Faham | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. S0089-12 CnC |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

In this post-conviction relief (PCR) proceeding, petitioner appeals the trial court's judgment for the State on petitioner's claim of ineffective assistance of counsel. Petitioner argues that he was prejudiced by his attorney's failure to renew a motion for judgment of acquittal, and therefore the court erred in granting summary judgment to the State. We affirm.

A jury found petitioner guilty of attempted sexual assault in violation of 13 V.S.A. § 9 and 13 V.S.A. § 3252(a)(1). He appealed the conviction, and this Court affirmed. State v. Faham, 2011 VT 55, 190 Vt. 524 (mem.).

In January 2012, petitioner filed this PCR, arguing that he received ineffective assistance of counsel because his attorney failed to renew at the close of the evidence a motion for acquittal. The State moved for summary judgment, relying on the facts as related in this Court's opinion resolving petitioner's direct appeal. Those facts are briefly summarized as follows. In March 2008, petitioner picked up the complainant and then drove her to a remote rural area without any explanation. He got out of the truck and then reentered and got on top of the complainant. Petitioner "choked" the complainant and told her that if she did not have sex with him, he would kill her. The complainant was able to escape from the truck, and petitioner drove away. The complainant ran to a nearby house where she received assistance from the resident and eventually from the police. Petitioner initially denied any contact with the complainant and then admitted she was in the car, but claimed he did not attack her or threaten her. At trial, petitioner moved for acquittal at the close of the State's case, arguing that the State had failed to prove the essential elements of the crime. The court denied the motion. Petitioner did not renew the motion at the close of the evidence. The jury found petitioner guilty of attempted sexual assault.

In the direct appeal, petitioner argued that there was insufficient evidence to support a conviction of attempted sexual assault. This Court did not reach the substance of the claim, however, because defendant did not renew his motion for acquittal at the close of the evidence. Id. ¶¶ 15, 17.

The PCR court granted summary judgment to the State, concluding that petitioner was not prejudiced by his attorney's failure to renew the motion for acquittal because the motion would have been denied. The PCR court explained that there was sufficient evidence for a jury to conclude that petitioner committed attempted sexual assault because petitioner's acts amounted to the commencement of the consummation of sexual assault. The court emphasized petitioner's acts of driving the complainant to a remote area without explanation, getting on top of her, physically assaulting her, and threatening to kill her if she did not have sex with him. Petitioner appeals.

On appeal, petitioner argues that the court erred in concluding that the trial evidence was sufficient to prove attempted sexual assault and therefore he was not prejudiced by his attorney's failure to renew a motion for judgment of acquittal.

We review a grant of summary judgment de novo, using the same standard as the trial court. Wentworth v. Fletcher Allen Health Care, 171 Vt. 614, 616 (2000) (mem.). Summary judgment will be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a). Here, the substance of the summary judgment decision concerned petitioner's claim of ineffective assistance of counsel. A petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel must demonstrate both (1) that trial counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and (2) that prejudice resulted to petitioner as a result of the deficient performance. In re LaBounty, 2005 VT 6, ¶ 7, 177 Vt. 635 (mem.). The petitioner demonstrates prejudice by showing that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " In re Cohen, 161 Vt. 432, 435 (1994) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

We conclude that summary judgment was appropriately granted to the State because petitioner failed to demonstrate that his counsel's failure to renew the motion for acquittal prejudiced the outcome of the proceeding.[1] The prejudicial impact of counsel's failure to renew hinges on the probable success of the motion. To determine this, we examine the substance of the motion. A motion for acquittal is granted where the State has failed to put forth any evidence to substantiate a jury verdict. State v. Turner, 2003 VT 73, ¶ 7, 175 Vt. 595 (mem.).

To prove attempted sexual assault, the State was required to provide evidence that petitioner intended to commit sexual assault and did an overt act toward the commission of the sexual assault. See 13 V.S.A. § 9(a) (attempt includes committing act towards commission of crime); State v. Synnott, 2005 VT 19, ¶ 22, 178 Vt. 66. The overt act "must advance the actor's conduct beyond mere intent, and reach far enough toward accomplishing the desired result to amount to the commencement of the consummation." Synnott, 2005 VT 19, ¶ 22 (quotation omitted). Sexual assault consists of engaging in a sexual act—genital or oral-genital contact, 13 V.S.A. § 3251(1)—without the other person's consent. 13 V.S.A. § 3252(a). Therefore, the

---

[1] For purposes of this appeal, we address only the second part of the ineffective-assistance standard—whether any deficient performance prejudiced the outcome of the proceeding. We do not reach the question of whether counsel's failure to renew the motion fell below an objective standard of professional practice.

question here is whether the State presented any evidence that petitioner committed an act towards consummation of a sexual assault.

Petitioner argues that the evidence is insufficient in this case because there was an absence of any sexual touching or undressing of the victim. Petitioner points to two prior attempted-sexual-assault cases from this Court, both of which involved some amount of sexual touching and undressing. See State v. Goodhue, 2003 VT 85, ¶¶ 2, 6, 175 Vt. 457 (holding that motion for acquittal of attempted sexual assault was properly denied where evidence showed defendant threw victim to floor, got on top of her, tried to put his hand down her pants, ripped her shirt and unbuttoned her pants); Synnott, 2005 VT 19, ¶ 23 (holding that evidence was sufficient to support attempted sexual assault conviction where defendant pushed victim to floor, fondled her, removed her shirt and bra, removed his clothing, ground his crotch against hers, tried to remove her pants and squeezed her throat). Because there was no evidence that petitioner touched complainant's breasts, groin, or buttocks or attempted to undress either himself or complainant, petitioner argues that his actions did not go so far that the crime took on "an air of inevitability." Goodhue, 2003 VT 85, ¶ 6. While both Goodhue and Synnott involved some sexual touching and clothing removal, neither fact is necessary to support a charge of attempted sexual assault. The critical question is whether the perpetrator's actions reached far enough to accomplish the sexual assault as to "amount to the commencement of the consummation." Synnott, 2005 VT 19, ¶ 22 (quotation omitted).

Here, there is not a reasonable probability that a motion for acquittal would have been granted. To grant a motion for acquittal the court would have had to determine that there was no evidence to support the State's case. Here, such evidence existed. This evidence included driving complainant to a secluded area without explanation, getting out of the car, purposefully reentering the car, climbing on top of complainant and threatening to kill her if she did not have sex with him. These facts were sufficient to show that defendant reached the commencement of the consummation of the crime of sexual assault and for a jury to sustain a conviction of attempted sexual assault. A motion for acquittal did not have a reasonable chance of success, and petitioner was not prejudiced by his attorney's failure to renew the objection at the close of the evidence.

Petitioner argues these actions are insufficient by relying on People v. Montefolka, 678 N.E.2d 1049 (Ill. App. Ct. 1997). In that case, the defendant broke into the complainant's home in the middle of the night. She awakened and went downstairs in her nightshirt and underwear. The defendant grabbed her and told her to remove her underwear. The court concluded there was insufficient evidence to support a conviction of attempted aggravated sexual assault where the defendant did not make an "overt act toward her genitals, did not use force to remove her clothing, [and did not] expose himself." Id. at 1055.

There are important factual differences between this case and Montefolka.[2] In Montefolka, the court relied in part on the fact that although the defendant requested that the

---

[2] Because the facts are distinguishable, we need not decide whether the facts of Montefolka could support a conviction, although we recognize that its holding has been criticized and rejected by other Illinois courts of appeal. See, e.g., People v. Grathler, 858 N.E.2d 937, 944-46 (Ill. App. Ct. 2006) (recognizing that Montefolka has been "criticized and called into doubt," listing cases rejecting holding and declining to follow Montefolka); People v.

victim remove her underwear, there was no request for sexual conduct. <u>Id</u>. at 1056. In contrast, here, petitioner's intent was clear insofar as he told complainant he would kill her if she did not have sex with him. Further, here, additional facts demonstrate that petitioner moved beyond intent towards actually accomplishing the sexual assault in that petitioner specifically drove the complainant to a remote area, got out of the car, changed and then reentered, got on top of her and "choked" her.

On a final note, petitioner seeks to distinguish cases from other jurisdictions on the grounds that those jurisdictions have adopted the Model Penal Code's approach to attempt, which requires a "substantial step" toward the commission of an offense. Petitioner claims that these cases are not applicable because Vermont's standard of an act towards "commencement of consummation" is stricter than the Model Penal Code. We do not decide whether the Vermont standard is more stringent than that of the Model Penal Code because we do not rely on any Model Penal Code cases to determine that there is no reasonable probability a motion for acquittal would have been granted in this case.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

---

<u>Hawkins</u>, 723 N.E.2d 1222, 1230 (Ill. App. Ct. 2000) (disagreeing with conclusion and reasoning of <u>Montefolka</u> and describing it as "logically unsound and a dangerous precedent"); <u>People v. Cosby</u>, 711 N.E.2d 1174, 1182-84 (Ill. App. Ct. 1999) (declining to follow <u>Montefolka</u> because it was factually distinguishable and because <u>Montefolka</u> was derived from outdated law).