*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-177

APRIL TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | District Court of Vermont, |
| v. | } | Unit No. 3, Washington Circuit |
| | } | |
| | } | |
| Christopher Cerutti | } | DOCKET NO. 1535-12-06 Wncr |

Trial Judge: Christina Reiss

In the above-entitled cause, the Clerk will enter:

Defendant appeals a jury conviction of sexual assault, arguing that the court committed plain error in failing to acquit him because the evidence was insufficient to support his conviction. We affirm.

In December 2006, defendant was charged with sexual assault, providing alcohol to a minor and possession of marijuana. A jury trial was held in February 2009. At the end of the State's case, defendant pleaded no contest to providing alcohol to a minor, and the court accepted the plea. The jury found defendant guilty of sexual assault and not guilty of possession of marijuana. Defendant received a six-year-to-life sentence on the sexual assault conviction. This automatic appeal followed. See V.R.A.P. 3(b)(2)(A) (providing that notice of appeal is not necessary in criminal case resulting in sentence of life imprisonment).[1]

On appeal, defendant argues that the evidence was insufficient to support his conviction because there was no evidence presented to establish contact between defendant's penis and the complainant's vulva. See 13 V.S.A. § 3252(a)(1) (defining sexual assault as sexual act with another person without consent); id. § 3251(1) (defining sexual act as including contact between penis and vulva).[2] Generally, the standard for reviewing denial of a motion for acquittal is

---

[1] For reasons not in the record, the trial court delayed forwarding the automatic appeal to this court until May 2013. V.R.A.P. 3(b)(2)(C) (requiring clerk to forward judgment and docket entries to Supreme Court).

[2] Defendant did not move for judgment of acquittal below and therefore did not preserve the issue for appeal under our normal standard. Normally, "[w]e will reverse a conviction for plain error only in exceptional circumstances—where failure to recognize error will result in a miscarriage of justice, or if an error is so grave and serious that it strikes at the heart of the defendant's constitutional rights." State v. Faham, 2011 VT 55, ¶ 27, 190 Vt. 524 (mem.) (quotation omitted). Under this standard, "[a] court must move for acquittal by its own motion only when the record reveals that the evidence is so thin that a conviction would be unconscionable." State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.). Even though the

"whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Prior, 174 Vt. 49, 53 (2002) (quotation omitted). Here, the court did not commit error in declining to grant acquittal. There was no basis for a judgment of acquittal in this case. When the evidence is viewed in a light most favorable to the State, there was sufficient evidence to establish contact between defendant's penis and the victim's vulva.

The testimony at trial included the following. Defendant was at a friend's house with several other individuals drinking alcohol. The then-seventeen-year-old complainant, C.F., came to the house with her friend, whose sister and brother were also there. C.F. consumed alcohol and became sick. She vomited and was carried into a bedroom where she passed out. Also on the bed was her friend's older sister, who used to date defendant and had also been drinking. C.F. testified that while she was on the bed, defendant came into the room, held her hand, and kissed her. Then he undid and removed her pants, rolled her on her back, removed his own pants and underwear, and climbed on top of her. She asked him to stop, but he continued and she could not move. She testified that while defendant was on top of her he "put his penis inside me." She remembered that her friend's sister awoke, started yelling and defendant stopped.

Several other witnesses also testified. C.F.'s friend's sister stated that she was passed out on the bed next to C.F. She woke up because the bed was moving and saw defendant was "having sex" with C.F. She "freaked out" and got her brother and sister, who were in the living room. She explained that when she got up to leave the room, she saw defendant on top of C.F., his pants were down and his pelvic area was in front of C.F.'s. She testified that she saw defendant's buttocks moving back and forth and described that defendant was having sex with C.F. She saw her brother pull defendant off of C.F. and then C.F.'s friend got C.F. dressed and brought her to the hospital.

C.F.'s friend's brother testified that when he heard his sister, he ran into the bedroom and saw defendant "having sex with" C.F. He further stated that C.F. lying on the bed passed out with defendant on top of her. He said he saw defendant's erection and C.F.'s vagina. He then drove C.F. and his sisters to the hospital.

C.F.'s friend testified that when her sister came running out of the bedroom, she went in and saw defendant between C.F.'s bare legs. She described that she saw defendant's bare behind moving and stated that defendant was "having sexual intercourse" C.F. She explained that she saw defendant's genital area adjacent to C.F.'s pubic area.

This evidence was more than sufficient for a reasonable jury to conclude beyond a reasonable doubt that there was contact between defendant's penis and C.F.'s vulva. Not only did C.F. testify that defendant had penetrated her with his penis, several witnesses described seeing defendant on top of C.F. with his naked pubic area adjacent to C.F.'s naked pubic area.

---

issue is not preserved, in reviewing an automatic appeal, this Court must "review the record in the interests of justice." V.R.A.P. 3(b)(2)(D). This Court has not considered what type of review is mandated by this standard, and particularly whether the limited standard caused by nonpreservation applies. We do not address the question here because in this case the evidence fairly and reasonably supports the verdict beyond a reasonable doubt and we can affirm under the standard applicable where there has been preservation.

See State v. Lemay, 2006 VT 76, ¶ 12, 180 Vt. 133 (concluding evidence sufficient to find defendant committed sexual act where victim testified defendant put his finger inside her vagina); State v. Messier, 146 Vt. 145, 150-51 (1985) (concluding evidence sufficient to prove contact between defendant's sex organ and child's vulva based on witness's description of defendant's and child's bodies).  Therefore, there was no error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice