*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-223

MAY TERM, 2016

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Orange Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Chad Spencer | } DOCKET NO. 225-6-14 Oecr |

Trial Judge: Michael C. Pratt, Acting
Superior Judge, Specially Assigned

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a jury conviction of unlawful mischief, arguing that the trial court committed plain error by not entering a judgment of acquittal based on the State's failure to prove that he had a right, or a reasonable belief that he had a right, to damage the subject property. We affirm.

Defendant was charged with unlawful mischief for smashing the windows of a vehicle not belonging to him which had been left on his property. See 13 V.S.A. § 3701(a) ("A person who, with intent to damage property, and having no right to do so or reasonable ground to believe that he or she has such a right, does any damage to any property which is valued in an amount exceeding $1,000.00 shall be imprisoned for not more than five years or fined not more than $5,000.00 or both."). The damaged vehicle had been parked in his driveway, with his permission, after it broke down.

Before trial, defendant moved to dismiss the charge, arguing that he had a right to dispose of the vehicle in any manner he saw fit because the owner had abandoned it by leaving it on his property more than two weeks beyond the time he had given permission for it to remain there. The trial court denied the motion, ruling that his proffers for why he had damaged the vehicle would be "modifying evidence" for consideration at trial, and that, taking the evidence in the light most favorable to the State, there was sufficient admissible evidence to make out a prima facie case against defendant.

At trial, defendant moved for judgment of acquittal at the close of the State's case based on his claim of abandonment, which the court denied, but he failed to renew the motion either at the close of evidence, as provided in V.R.Cr.P. 29(a), or within ten days of the jury verdict, as permitted by V.R.Cr.P. 29(c). Accordingly, he is left with the argument on appeal that the trial court committed plain error by not entering a judgment of acquittal on its own motion at the close of evidence following his testimony. See State v. Faham, 2011 VT 55, ¶ 15, 190 Vt. 524 (mem.) (citing cases for proposition that issues raised in motion for judgment of acquittal made

at close of State's case are not preserved for appellate review unless renewed at close of evidence or in post-verdict motion).

We find no basis to overturn the jury's verdict. "Plain-error analysis requires us to consider whether these are exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Yoh, 2006 VT 49A, ¶ 39, 180 Vt. 317 (quotation omitted). We must correct an error affecting substantial rights if there is in fact an error, the error is obvious, it results in prejudice to the defendant, and it seriously affects the fairness or integrity of the judicial proceedings. Id.

In this case, we conclude that there is no error at all. "A court must move for acquittal by its own motion only when the record reveals that the evidence is so thin that a conviction would be unconscionable." State v. Laflam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.). That is plainly not the case here. In a sufficiency-of-the-evidence claim, "we must consider whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Johnson, 2013 VT 116, ¶ 26, 195 Vt. 498 (quotation omitted). "A judgment of acquittal is proper only if the prosecution has failed to put forth any evidence to substantiate a jury verdict." Id.

The State met its burden. One of the officers who responded to a report that defendant had damaged a vehicle not belonging to him testified that defendant told her he smashed the subject vehicle's windshield, rear window, and two passenger windows with a baseball bat because "he needed to prove a point that the vehicle needed to be removed." According to the officer, defendant explained that the vehicle had been there two and one-half weeks, well beyond the time that he had given permission for it to be there, and that the Town of Orange had contacted him saying that he had too many cars on his property. He also stated to the officer that he did not know who the owner was but had unsuccessfully attempted to contact the person to whom he had given permission to park the vehicle on his property.

The owner of the vehicle testified that she had never intended to abandon it after it broke down, although she acknowledged that she was unaware of where her boyfriend had left it when it did break down. Another witness testified that defendant had given him permission to leave the vehicle on defendant's property and had not put a time limit on how long it could remain there. The witness further testified that defendant had called him on the night of the incident and demanded that the vehicle be removed or he was going to smash it up and send it to the junkyard. The witness testified that he gave defendant contact information for the owner's boyfriend, but learned the next day that defendant had damaged the vehicle.

For his part, defendant testified that he believed the vehicle had been abandoned. He also testified, however, that he smashed the windows of the vehicle to find out who owned it and only considered it abandoned after not finding any registration in the glove compartment.

2

This evidence was sufficient for the jury to reasonably conclude that defendant damaged the vehicle without any right to do so or any reasonable ground to believe that he had such a right. Therefore, the trial court was not compelled to enter a judgment of acquittal on its own motion based a conclusion that defendant's conviction was unconscionable.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice